**682**

EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Deborah Corn,
and Peggy Honeycutt, Plaintiffs,

v.

SOUTHERN PUBLISHING COMPANY,
INC. and Thelma Thompson,
Defendants,

v.

SOUTHERN GUARANTY INSURANCE
COMPANY, Intervenor.

Civ. A. No. E87–0004(L).

United States District Court,
S.D. Mississippi, E.D.

Nov. 4, 1988.

Jerome C. Rose and G. William Davenport, Birmingham, Ala., for E.E.O.C.

Wayne Milner, Binder, Milner & Milner, Jackson, Miss., for Peggy Honeycutt.

Shirley Payne, Horne & Payne, Jackson, Miss., for Deborah Corn.

James L. Carroll and William F. Ray, Watkins & Eager, Jackson, Miss., for Southern Guar. Ins. Co.

Paul M. Neville, Jackson, Miss., for Southern Pub. and Thelma Thompson.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e through 2000e–17, to correct alleged unlawful employment practices by defendants. The complaint in this action, initially commenced by the Equal Employment Opportunity Commission (EEOC) pursuant to 28 U.S.C. §§ 451, 1337, 1343 and 1345, charges that Peggy Honeycutt, a former female employee of defendant Southern Publishing Company, Inc., was sexually harassed and ultimately forced to quit her employment because Southern Publishing failed to control unwelcome and offensive physical touching of her by another of Southern Publishing's employees, Robert Thompson,[1] despite Honeycutt's complaints to management. The complaint further alleges that Deborah Corn, also a former employee of Southern Publishing, was discharged by Southern Publishing in retaliation for her having refused her employer's instruction to provide the EEOC with a statement that Robert Thompson was "harmless," and for her instead having written a statement for the EEOC which recited that she, like Honeycutt, had received unwanted physical touching on the private parts of her body by Robert Thompson.

In addition to the federal claims asserted by the EEOC, Honeycutt and Corn[2] advanced state common law causes of action

---

1. The court notes that Robert Thompson is the son of defendant Thelma Thompson, President of Southern Publishing. At the time of the conduct complained of, Robert Thompson, a victim of Downs Syndrome, worked as a janitor for the company. He was originally named as a defendant in this lawsuit but has since been voluntarily nonsuited.

2. Subsequent to the initiation of this suit, Corn and Honeycutt moved for and were granted intervention.

against defendants. Honeycutt charged that Southern Publishing and its president, Thelma Thompson, are vicariously liable for assault and battery committed by Robert Thompson against Honeycutt while she was employed by Southern Publishing. Corn asserted a pendent state law claim for slander against Southern Publishing and Thelma Thompson predicated upon her allegation that approximately one week following her termination from employment with Southern Publishing, Thelma Thompson contacted Corn's new employer and made slanderous statements to him regarding Corn.[3] Presently before the court is the motion of intervenor Southern Guaranty Insurance Company to dismiss the assault and battery claims of Peggy Honeycutt and Deborah Corn and to dismiss the slander claim of Corn on the basis of the applicability of Mississippi's one-year statute of limitations to claims for slander, assault and battery. Miss.Code Ann. § 15–1–35 (1972). It is undisputed that Honeycutt's employment terminated on June 6, 1985 and that the alleged slander committed by Thelma Thompson against Deborah Corn occurred approximately one week following Corn's termination on July 17, 1985. The complaint asserting the claims in issue was filed August 12, 1987, more than two years later.

In response to the motion to dismiss the claims for assault and battery, Corn and Honeycutt concede that the motion is well taken. Regarding Corn's allegations of slander, she admits that the claim was filed over two years after the alleged slander was committed but urges that the court should adopt a rule that a cause of action for slander accrues not at the time of publication but rather at the time the defamatory statements were discovered or

through the exercise of reasonable diligence should have been discovered. Such a rule, while adopted by courts in a minority of jurisdictions,[4] would be inconsistent with the Fifth Circuit's interpretation of Mississippi law in *Wilson v. Retail Credit Co.*, 438 F.2d 1043 (5th Cir.1971). In *Wilson*, the plaintiff brought suit for libel charging that the defendant had circulated a libelous credit report to its customers concerning her credit rating. The suit was filed almost seven years after the time when the report was issued, yet plaintiff contended that because the defendant had not revealed the contents of its report to plaintiff, the statute of limitations should have been tolled under the provisions of Miss.Code Ann. § 15–1–67 (1972) (formerly Miss.Code 1942, § 742) which provides:

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

The court found that no fraud had been practiced by the defendant and plaintiff's claim therefore could not avoid "[t]he general rule ... that [the] one-year statute applying to libel actions commenced to run when the injury occurred and not at the time of discovery." *Wilson*, 438 F.2d at 1045. Just as the plaintiff in *Wilson*, the plaintiff in the case at bar, Deborah Corn, did not discover the facts supporting an alleged cause of action for slander until after the expiration of the statute of limitations.[5] However, absent a showing of fraudulent concealment by Southern Pub-

---

**3.** Specifically, it is alleged that Thompson told Corn's new employer in the presence of others that Corn was fired because she had sabotaged the office computer, a statement which was allegedly known to be untrue and made without justification and with malicious intent.

**4.** *See Hoke v. Paul*, 65 Hawaii 478, 653 P.2d 1155 (1982) (statute of limitations for defamation begins to run at time defamatory statements discovered or reasonably should have been discovered).

**5.** Corn did not learn of the facts underlying her slander charge until after this suit was filed. Her present employer, the person to whom the alleged slanderous statements were made, learned of the lawsuit through news reports and at that time informed Corn of what had transpired. Prior to that time, he had chosen not to tell her about the alleged incident believing nothing would be gained by Corn's knowing what had been said.

lishing, the statute cannot under Mississippi law be tolled. Thus, Corn's claim for slander is time-barred by the one-year statute of limitations and should be dismissed.

Accordingly, it is ordered that the motion of intervenor Southern Guaranty to dismiss the private plaintiffs' causes of action for slander and for assault and battery is granted.

ORDERED.